IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

TRADEMARKS HOLDING, LLC, GRAND
HERITAGE HOTEL GROUP, LLC, and GRAND
HERITAGE MANAGEMENT, LLC,

   Plaintiffs,

v.                  No. CIV 07-167 BB/WDS

AMERICAN PROPERTY MANAGEMENT
CORPORATION and HERITAGE HOTELS &
RESORTS,

   Defendants.

MEMORANDUM OPINION
AND
ORDER DENYING DEFENDANT AMERICAN'S
MOTIONS TO DISMISS

   THIS MATTER is before the Court on three motions to dismiss Counts I [doc. 55], III [doc. 54], and IV [doc. 56] of Plaintiffs' complaint. For the reasons stated herein, the motions relating to Counts I and IV are DENIED, and the motion as to Count III is GRANTED.

*Legal Standard*

   Defendant American Property Management Corporation ("American") has filed three motions to dismiss Counts I, III, and IV of Plaintiffs's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing the motions to dismiss, this Court is required to accept as true all well-pleaded facts alleged in Plaintiffs' complaint. *See Weise v. Casper*, 507 F.3d 1260 (10th Cir. 2007). The Court does not, however, accept vaguely plead or conclusory allegations as true. *Id.; Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Sutton v. Utah State School for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A claim is subject to dismissal under Federal Rule of Civil Procedure 12(b)6) when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Thus, dismissal of a claim is appropriate when a plaintiff does not, and cannot, assert all of the allegations necessary to illustrate a violation of a statute. *See Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991).

The Court will apply these standards in considering American's motions.

*Facts and Nature of Claims*

Grand Heritage Management is in the business of operating and managing a chain of historic hotels under the Grand Heritage brand name. The trademarks used to identify the Grand Heritage hotel chain currently operating in Oregon, Colorado, Rhode Island, Indiana, and Michigan are owned by Grand Heritage Management's Affiliate, Trademarks Holding. Trademarks Holding owns the following registered trademarks (collectively "the Registered Marks"):

| Trademark | Reg. No. | Reg. Date | Goods or Services |
|---|---|---|---|
| **GRAND HERITAGE** | **1,997,991** | **9/3/1996** | **Hotel and restaurant services** |

| GRAND HERITAGE HOTEL GROUP | 3,099,018 | 5/30/2006 | Hotel and restaurant services; luxury hotel services offered in designated on-site hotel locations, hotel reservation services |
|---|---|---|---|

Defendants operate a group of hotels in New Mexico and Arizona as Heritage Hotels and Resorts. They have received a Statement of Use on "Heritage Hotels & Resorts" from the United States Patent and Trademark Office.

Plaintiffs filed their complaint in this court on February 16, 2007. They allege Defendants have misappropriated Plaintiffs' registered marks and the associated goodwill. Plaintiffs further allege Defendants are engaged in unfair competition and their hotel branding creates a false designation of origin in violation of 15 U.S.C. § 1125(a) (Court I). They argue that through Defendants use of reproduced counterfeit or copies of Plaintiffs' registered marks they commit trademark infringement (Count II). Count III is a claim for unfair trade practice under § 57-12-1 NMSA 1978 (1991 Comp.). Finally, Plaintiffs allege a common law unfair competition claim (Count IV).

*Count I - 15 U.S.C. § 1125*

American maintains that Count I should be dismissed because Plaintiffs' claim for infringement is alternative and redundant:

> There are only three possible outcomes in this case as it relates to Count II (i.e. infringement under 15 U.S.C. § 1114 of the four registrations asserted by Plaintiffs): (1) the registrations are valid and Defendant American is found to infringe at least one of them; (2) the registrations are valid and American is found not to infringe any of them; or (3) the registrations are invalid and common law principles control. In any case, Plaintiffs cannot prevail under

3

>    **15 U.S.C. § 1125 (Count I) and under no circumstances can 15 U.S.C. § 1125 be the underlying basis for a decision in favor of the Plaintiffs ....**

**(Def.'s Mot. Dis. § 43(a) Lanham Act p. 2).**

**While the Court must confess to some difficulty in following American's logic, it is clear that American's foundational premise is incorrect and Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125, covers more than the basic infringement of a federally registered mark protected under 15 U.S.C. § 1114.** *Babbit Elec., Inc. v. Dynascan Corp.*, **38 F.3d 1161, 1181 (11th Cir. 1994). While 15 U.S.C. § 1114 is applicable only to federally registered marks,** *Association of Co-op Members, Inc. v. Farmland Indus., Inc.*, **684 F.2d 1134, 1138 (5th Cir. 1982), a federally registered trademark is not even a prerequisite to relief under 15 U.S.C. § 1125.** *Stanfield v. Osborne Indus., Inc.*, **52 F.3d 867, 873 (10th Cir. 1995). Indeed, Section 1125 was designed to create a new federal remedy for the kind of unfair competition that results from false representation or false designation of product origin and is "***sui generis***."** *Geisel v. Poynter Products, Inc.*, **283 F. Supp. 261 (S.D.N.Y. 1968). In addition to the traditional trademark infringement covered by 15 U.S.C. § 1114, then, 15 U.S.C. § 1125 prohibits the false designation of origin that Plaintiffs specifically invoke.** *Register.com, Inc. v. Verio, Inc.*, **126 F. Supp. 2d 238 (S.D.N.Y. 2000).[1] American is therefore simply incorrect in alleging that 15 U.S.C. § 1125 provides no remedies for claims beyond those covered by 15 U.S.C. § 1114. Therefore, whether there was infringement is not dispositive of Count I.**

---

[1] It also applies to false advertising, *Waldman Pub. Corp. v. Landoll*, 43 F.3d 775, 780 (2d Cir. 1994), and international unfair practices, 1 CALLMAN ON UNFAIR COMP., TR. & MONO. § 2:7 (4th ed.).

### *Count III - Unfair Practices Act*

American moves to dismiss Plaintiffs' Count III which is based on the New Mexico Unfair Practices Act, § 57-12-1 *et seq.*, on the ground Plaintiffs lack standing. The Court agrees.

"The gravemen of an unfair trade practice is a misleading, false or deceptive statement made knowingly in connection with the sale of goods or services." *Diversey Corp. v. Chem-Source Corp.*, 965 P.2d 332 (N.M. App. 1998). In *Santa Fe Custom Shutters & Doors v. Home Depot U.S.A., Inc.*, 113 P.3d 347 (N.M. App. 2005), the Court of Appeals made it clear the New Mexico Unfair Practices Act ("UPA") applies only to consumer transactions. The Court initially focused on the narrow definition of an unfair trade practice as one "knowingly made in connection with the sale ... of goods or services ...." 113 P.3d at 352. The Court then said "[a]s we read this provision, the UPA contemplates a plaintiff who seeks or acquires goods or services and a defendant who provides goods or services." *Id.* The Court concluded:

> Consistent with its purpose as consumer protection legislation, *Ashlock v. Sunwest Bank*, 107 N.M. 100, 102, 753 P.2d 346, 348 (1988); *overruled on other grounds by Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576 (1995), the UPA gives standing only to buyers of goods or services. *See Channel Cos. v. Britton*, 167 N.J. Super. 417, 400 A.2d 1221 (1979) (construing New Jersey Consumer Fraud Act and observing that "[t]he legislative concern was the victimized consumer, not the occasionally victimized seller").

113 P.3d at 353. *See also Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1097-98 (N.M. App. 2007).

It is not the providence of the federal courts to expand state statutory remedies beyond the law as interpreted by the state courts. *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1280 (10th Cir. 2000). Recent authoritative state court opinions as to the meaning of state law

5

are thus to be honored in diversity cases. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *Hays v. Jackson Nat'l Life Ins. Co.*, 105 F.3d 583 (10th Cir. 1997). This Court has therefore twice recently rejected attempts to expand the UPA to allegations related to trademark infringement. *See Pimentel & Sons Guitar Makers, Inc v. Danette I.L. Hinkle Pimentel*, 04-CV-360 (Mem. Op. 2-7-07 #208 p. 2); *Nanodetex Corp v. Sandia Corp.*, 05-CV-1041 (Mem. Op. 7-26-07 #330 p. 7).

Plaintiffs would quote and emphasize language of the UPA not relied on by the New Mexico court in *Santa Fe Custom Shutters*. Plaintiffs cannot, however, obliterate the clear language of the UPA and repeated restatements by the New Mexico Courts that the UPA only applies to misstatements made in reference to the sale of goods or services. Plaintiffs can produce no such nexus here and the claim must thus be Dismissed.

*Count IV - New Mexico Common Law*

American moves under Federal Rule of Civil Procedure 12(c)[2] to dismiss Count IV of Plaintiffs' complaint which is founded on New Mexico's common law of unfair competition. American presents alternative arguments in support of their motion. Initially it argues "there is no common law unfair competition in New Mexico." (Def.'s Mot. Dis. NM Com'n Law Claims p. 2). This argument is based on the syllogism that: (1) when adopted in 1959, the New Mexico Trademark Act recognized and expressly preserved the common law of unfair competition; (2) the 1959 Act was repealed in 1997 and replaced with a new Trademark Act; and (3) unlike its predecessor, the 1997 version of the New Mexico Act does not expressly preserve the New Mexico common law.

---

[2] Rule 12(c) evokes the same standard of legal review as Rule 12(b)(6), the difference revolves primarily around timing. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1149, 1160 (10th Cir. 2000).

6

The 1997 New Mexico Trademark Act is expressly patterned after the 1946 federal Lanham Act. *See* § 57-3B-2 NMSA 1978 (1997 Comp.). Moreover, the New Mexico Legislature clearly expressed "the intent that the construction given the federal act should be examined as persuasive authority for interpreting and construing the [State] Trademark Act." *Id.* The federal act, of course, recognized common law rights and allows legal claims and defenses based on common law rights. *Value House v. Phillips Mercantile Co.*, 523 F.2d 424, 430-31 (10th Cir. 1975); *Anheuser-Busch, Inc. v. Stroh Brewery Co.*, 587 F. Supp. 330, 338 (E.D. Mo. 1984).

Furthermore, the language of the New Mexico Act, like its federal counterpart, seems to assume the continuing existence of common law rights and the legal remedies necessary to protect them. For example, § 57-3B-4(A)(5)(d) NMSA 1978 (1997 Comp.) provides:

> A. A mark ... shall not be registered if it ... (d) consists of or comprises a mark that so resembles a mark registered in this state <u>or a mark or trade name previously used by another and not abandoned</u> as to be likely, when used on or in connection with the goods or services of the applicant, to cause confusion or mistake or to deceive.

(Emphasis added). Yet another provision of the new revision, § 57-3B-5, references the common law in establishing requirements for an application to register a trademark.

In the alternative, American argues that even if common law rights continue to exist, Plaintiffs have failed to allege a key element, geographic territory. American contends "Plaintiffs have at no point alleged use of their asserted marks in New Mexico or Arizona prior to Defendants alleged use of the allegedly infringing marks." (Def.'s Mot., doc. 56, p. 3). American recognizes that Plaintiffs have pled and "rely on the constructive notice benefit of a federal registration," but assert this is insufficient to plead a common law claim. Plaintiffs

7

allege that Defendants use of "the term Heritage as a brand name in advertisements, a web site, brochure and reservation system ..." "causes a significant likelihood of confusion." (Comp. ¶¶ 18, 20).

Defendant American misapprehends the requirements for a prima facie case under the common law. Plaintiffs need only allege confusion; use in a remote area is a defense not an element of the claim. *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947 (N.D. Cal. 2005); *Four Seasons Hotels Ltd. v. Koury Corp.*, 776 F. Supp. 240, 246 (E.D.N.C. 1991). American's argument must therefore fail.

## O R D E R

For the above stated reasons, American's Motion to Dismiss is GRANTED as to Count III and DENIED as to Counts I and IV.

SO ORDERED this 17th day of January, 2008.

                                                                               *[signature: Bruce D. Black]*
                                                                               **BRUCE D. BLACK**
                                                                               **United States District Judge**

**For Plaintiffs:**
>Rodney L. Schlagel, Emila A. Franke, BUTT THORNTON & BAEHR, Albuquerque, NM
>Janet F. Satterthwaite, Jeffrey L. Eichen, VENABLE LLP, Washington, DC

**For Defendant American:**
>DeWitt M. Morgan, William G. Gilchrist, Todd E. Rinner, RODEY LAW FIRM, Albuquerque, NM

**For Defendant Heritage:**
>Roger E. Michener, PEACOCK MYERS, Albuquerque, NM