IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

TRADEMARKS HOLDING, LLC, GRAND
HERITAGE HOTEL GROUP, LLC, and GRAND
HERITAGE MANAGEMENT, LLC,

            Plaintiffs,

v.                                                  No. CIV 07-167 BB/WDS

AMERICAN PROPERTY MANAGEMENT
CORPORATION and HERITAGE HOTELS &
RESORTS,

            Defendants.

MEMORANDUM OPINION
AND
ORDER OVERRULING OBJECTIONS

      THIS MATTER is before the Court on Plaintiffs' *Objection to Magistrate's Order Denying Plaintiffs' Motion for Extension of Pretrial Deadlines* [doc. 174], and the Court having reviewed the submissions of counsel, finds the Magistrate's *Order* [doc. 169] denying Plaintiffs' *Motion for Extension of Pretrial Deadlines* [doc. 161] should be Affirmed.

      *Discussion*

      Plaintiffs appeal, under FEDERAL RULE OF CIVIL PROCEDURE 72(a), United States Magistrate Judge Schneider's *Order* denying Plaintiffs' *Motion for Extension of Pretrial Deadlines* that was filed December 5, 2007. Discovery is a nondispositive matter subject to the authority of the magistrate judge. *Hutchinson v. Pfeil*, 105 F.3d 562 (10th Cir. 1997). Magistrate judges are accorded broad discretion in discovery matters and reversal is

appropriate only if there is a clear showing of abuse of discretion.  *Allen v. Sybase, Inc.*, 468 F.3d 642 (10th Cir. 2006); *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759 (8th Cir. 1995) (enforcing discovery deadlines against plaintiff not abuse of discretion).  Plaintiffs therefore claim, as they must, that the Magistrate's *Order* is "clearly erroneous and contrary to law."

"The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues."  *Center for Biological Diversity v. Norton*, 336 F. Supp. 2d 1155 (D.N.M. 2004) (quoting *Harrington v. City of Albuquerque*, 2004 WL 1149494 (D.N.M. May 11, 2004).  Therefore, to be clearly erroneous, a magistrate's decision "must be more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

There is no explanation in Plaintiffs' brief of how Magistrate Judge Schneider is clearly erroneous and contrary to law.  Rather, Plaintiffs argue it is unfair and contrary to the best interest of the parties.  Defendants disagree and present a long list of discovery abuses attributed to Plaintiffs.  Since Judge Schneider has been intimately involved in the discovery issues of this case, he is in a much better position to weigh the equities and mete out justice.

Plaintiffs suggest a stay of all discovery deadlines "to conduct a mediation in order to see if the progress made by the parties informally can be built upon to bring this matter to a conclusion."  (Pls.' Obj. p. 2).  Defendants agree they have been willing to discuss resolution but maintain Plaintiffs have merely used mediation as a Trujan horse to avoid discovery.  While I am unwilling to reverse Judge Schneider's *Order*, once any dispositive motions have

been submitted or the deadline therefor has passed, I will consider a renewal of the request to move the trial setting so the parties may fully explore settlement.

## O R D E R

For the above stated reasons, Plaintiffs' *Objection to Magistrate's Order Denying Plaintiffs' Motion for Extension of Pretrial Deadlines* is DENIED, and the *Order* filed January 18, 2008, is AFFIRMED.

SO ORDERED this 29th day of February, 2008.

BRUCE D. BLACK
United States District Judge